# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.:

XIAMEN BABY PRETTY PRODUCTS CO., LTD., a Chinese limited company,

    Plaintiff,

v.

TALBOT'S PHARMACEUTICALS FAMILY PRODUCTS, LLC, a Florida limited liability company,

    Defendant.

_____/

## COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff XIAMEN BABY PRETTY PRODUCTS CO., LTD. ("Plaintiff") by and through their attorney of record, The Rapacke Law Group, P.A., appears and states by way of the Complaint and alleges the following against the Defendant TALBOT'S PHARMACEUTICALS FAMILY PRODUCTS, LLC ("Defendant"):

### NATURE OF THE CASE

This is an action for Patent Infringement under the Leahy-Smith America Invents Act, for Patent Infringement and Inducement to Infringe, Federal Unfair competition, and Unjust Enrichment. Plaintiff seeks actual damages, enhanced damages, an award of attorney's fees and costs, injunctive relief, and any other relief that the Court deems just and proper.

## PARTIES

1. Plaintiff XIAMEN BABY PRETTY PRODUCTS CO., LTD. is a limited company organized under the laws of China with its address located at Jicheng Road 1368 Tong'an Industrial Zone 361100 Xiamen City, China.

2. On information and belief, Defendant TALBOT'S PHARMACEUTICALS FAMILY PRODUCTS, LLC is a limited liability company organized and existing under the laws of the State of Florida, with its principal address located at 2335 NW 107 Avenue, Freezone Showroom, 2M44 Mailbox #30, Doral, FL 33172.

## JURISDICTION AND VENUE

3. This action is brought under, and subject matter jurisdiction of this matter is vested in this Court through 28 U.S.C. § 1331 (Federal Question) for claims in this action pursuant to the Leahy-Smith America Invents Act under 35 U.S.C. § 101, et seq.

4. The Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C. § 1367. The state law claims are integrally-related to the federal claims and arise from a common nucleus of operative facts.

5. Venue is proper in this action under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b), due to Defendant being a limited liability company formed under the laws of Florida, and because the Defendant is subject to personal jurisdiction in this District.

## BACKGROUND FACTS

6. The United States Patent and Trademark Office (hereinafter "USPTO") duly and lawfully issued Design Patent No. US D888,208 S ("the '208 Patent") to Inventor Jianbo Yang and to Plaintiff as the assignee. Attached as Exhibit 1 is a true and correct copy of the '208 Patent.

7. Plaintiff and Defendant were in communication attempting to forge a business relationship for Defendant to purchase various products from Plaintiff since at least as early as August of 2018. Of the products discussed included Plaintiff's baby potty identified as product WY028, which is the design used in the '208 Patent (the "WY208 model").

8. Plaintiff informed Defendant that the WY028 model already had an exclusive distributor for the United States, Korea, and Indonesia. As Defendant wanted to sell the product in the United States, Plaintiff discussed with Defendant the possibility of new baby potty based around the WY028 model.

9. Defendant replied that they were not interested in the new baby potty model. Defendant stated that unless Plaintiff re-design the new baby potty model to look similar to the WY028 model, Defendant would move ahead with its own similar design.

10. Approximately a month later, due to a change in circumstances with Plaintiff's exclusive distributor in the United States for the WY208 model, the WY208 model became available for the Unites States market. Plaintiff informed Defendant that the WY208 model was now available for the United States market if Defendant was still interested.

11. Defendant informed Plaintiff that Defendant had already begun making their own baby potty and that Plaintiff needed to provide Defendant with unreasonably low prices in order to do business. Otherwise, Defendant will simply continue with their own baby potty. Defendant's baby potty was a near identical replica and copy of the WY208 model and Plaintiff's patented design.

12. Plaintiff and Defendant could not come to an agreement on pricing, and Defendant proceeded with its own baby potty. Defendant found factories that could manufacture Plaintiff's design for cheaper than Plaintiff could offer. Defendant put their "Nuby" logo on a product comprised

of Plaintiff's design and began selling the baby potty products as one of Defendant's own products. Attached as Exhibit 2 are images of Defendant's product.

## CAUSES OF ACTION

### First Cause of Action

**(Patent Infringement 35 U.S.C. §101 et seq, specifically §§271 and 281-285)**

13. Plaintiff hereby re-alleges and incorporates paragraphs 1-12 set forth above as if the same was more fully set forth herein.

14. Defendant directly or under the doctrine of equivalence infringe the claim of the '208 Patent, by its past and present importation, sale, and offers to sell the infringing product on Defendant's websites and accounts, in violation of 35 U.S.C. §271.

15. Plaintiff has not licensed or otherwise authorized Defendant to import, sell, or offer to sell the infringing product and/or any products covered by the '208 Patent and Defendant's conduct is in every instance, without Plaintiff's consent.

16. Defendant had prior actual knowledge of Plaintiff's inventive design through their business correspondence. Therefore, Defendant's every act of infringement has been willful and without regard to Plaintiff's rights.

17. Plaintiff is entitled to recover from Defendant the damages Plaintiff has sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial, and in any event not less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. §284.

18. Defendant's infringement of the '208 Patent will continue to cause Plaintiff irreparable injury and damage for which there is no adequate remedy at law unless and until Defendant is enjoined from infringing the '208 Patent.

19. This is an exceptional case under 35 U.S.C. §285, and Plaintiff is entitled to enhanced damages, attorney's fees and litigation expenses incurred.

## Second Cause of Action

### (Inducement to Infringe the '993 Patent)

20. Plaintiff hereby re-alleges and incorporates paragraphs 1-12 and 14-16 set forth above as if the same was more fully set forth herein.

21. Defendant has actively induced infringement of the claim in the '208 patent.

22. Defendant contacted multiple factories about making the infringing product. On information and belief, Defendant entered into an agreement with one or more of the factories to manufacture the infringing product.

23. On information and belief, Defendant induced the factories to manufacture an infringing product by wrongfully claiming the design to be Defendant's own design.

24. Defendant markets and sells the infringing product under the brand name "Nuby" through websites and accounts on websites, including but not limited to, Nuby-uk.com, Amazon.com, Target.com, Walmart.com, eBay.com, Iamwowmom.com, Cookieskids.com, and Ezyaan.com. Defendant has had actual knowledge of Plaintiff's inventive design since before their first sale of infringing products.

25. Defendant knew that their infringing product is covered by the '208 Patent. Hence, every sale of the infringing product by Defendant was made with actual knowledge of each infringement of the '208 Patent and with willful disregard to Plaintiff's patent rights.

26. Defendant willfully and knowingly induced the one or more manufacturing factories and the various online sales platforms into manufacturing and selling the infringing product.

## Third Cause of Action

### (Federal Unfair Competition)

27. Plaintiff hereby re-alleges and incorporates paragraphs 1-12, 14-16, and 24-26 set forth above as if the same was more fully set forth herein.

28. Defendant's unauthorized use in commerce of the design on the '208 Patent as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's product, and is likely to cause consumers to believe, contrary to fact, that Defendant's product is authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

29. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

30. Plaintiff's customers include Target and Wal-Mart among many others. Defendant's sale of the infringing product on the Target.com and Walmart.com, among other online platforms, is likely to deceive consumers into believing that Defendant's product is affiliated, connected, or associated with Plaintiff and is likely to cause confusion as to the origin and source of Defendant's product as originating from the '208 Patent.

31. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to Plaintiff's goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

33. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages,

Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**Fourth Cause of Action**

**(Deceptive and Unfair Trade Practices Fla. Stat. §501.201 et seq)**

34. Plaintiff hereby re-alleges and incorporates paragraphs 1-12, 14-16, and 24-26 set forth above as if the same was more fully set forth herein.

35. Defendant's unauthorized use in commerce of the design on the '208 Patent as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's product as being authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

36. When Defendant could not get Plaintiff to agree to a low price, Defendant decided to bypass Plaintiff entirely and have a factory cheaply produce the infringing product with the same design. Defendant's infringing product is in direct competition with Plaintiff's patented product.

37. Plaintiff explained to Defendant that the price they offered was close to their costs due to the cost of the materials. Upon information and belief, Defendant's infringing product is made from cheaper and inferior materials in order to manufacture the product at a lower price.

38. Defendant's inferior infringing product will deceive consumers into believing Defendant's inferior product is authorized, endorsed, or sponsored by Plaintiff.

39. As a direct and proximate result of Defendant's wrongful actions, the public is being deceived and Plaintiff is suffering and will continue to suffer harm to its's goodwill and reputation.

40. Every sale of Defendant's infringing product is one less sale Plaintiff is able to profit from

based on Plaintiff's rights in the '208 Patent.

41. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, reasonable attorneys' fees, and costs of the action under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq.

## Fifth Cause of Action

### (Unjust Enrichment)

42. Plaintiff hereby re-alleges and incorporates paragraphs 1-12, 14-16, 24-26, 28-31, and 35-40 set forth above as if the same was more fully set forth herein.

43. As a result of Defendant's actions as stated herein, Defendant has been unjustly enriched and, at the same time, is causing a loss of revenue to Plaintiff to Plaintiff's detriment.

44. Defendant has accepted and retained the benefit of the unjust enrichment from their wrongful conduct.

45. There is no express, written contract between Plaintiff and Defendant that would allow for Defendant to retain the benefit of the unjust enrichment from their wrongful conduct as described herein.

46. Plaintiff is entitled to recover from the Defendant its unjust enrichment including gains, profits, and advantages they have obtained as a result of its wrongful conduct. Plaintiff is, at present, unable to ascertain the full extent of the gains, profits, and advantages Defendant has obtained by reason of its wrongful conduct.

47. By reason of the foregoing, Plaintiff seeks damages based on Defendant's unjust enrichment in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages in a sum according to proof at trial including general and special damages;

2. For interest and pre-judgment interest at the statutory rate until the amount of judgment is paid in full;

3. Find this to be an exceptional case and award Plaintiff its attorney's fees and costs of suit herein;

4. Permanent Injunctive relief to prevent further harm;

5. Granting injunctions temporary, preliminary and permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a. manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise or promote products infringing on Plaintiff's '208 Patent;

    b. engaging in any activity constituting unfair competition with Plaintiff;

    c. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that Defendant's baby potty products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or

associated, affiliated, or otherwise connected with Plaintiff without express written approval from Plaintiff to do so;

d. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

e. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (d).

6. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

**Jury Trial Demand**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: December 8, 2020

Respectfully submitted,

By: /s/ Andrew S. Rapacke
Andrew S. Rapacke, Esq.
Florida Bar No. 116247
andy@arapackelaw.com
The Rapacke Law Group, P.A.
3750 Birch Terrace
Davie, FL 33330
Telephone:  954.951.0154
Facsimile:   954.206.0484

Nihat Deniz Bayramoglu (*pro hac vice* forthcoming)
Nevada Bar No. 14030
California Bar No. 294922
Email: deniz@bayramoglu-legal.com
Bayramoglu Law Office, LLC

1540 West Warm Springs Road
Henderson, NV 89014
Phone: (702) 462-5973

David Silver (*pro hac vice* forthcoming)
Nevada Bar No. 15641
California Bar No. 312445
Email: david@bayramoglu-legal.com
Bayramoglu Law Office, LLC
1540 West Warm Springs Road
Henderson, NV 89014
Phone: (702) 462-5973

*Counsel for Plaintiff*
Xiamen Baby Pretty Products Co., Ltd.

**COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION**
**JURY TRIAL DEMANDED**