UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| Xiamen Baby Pretty Products Co., | |
| Plaintiff, | NO. 3:21-CV-00409 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| Talbot's Pharmaceuticals Family Products, LLC, | MAG. JUDGE KAYLA MCCLUSKY |
| Defendant. | |

**MEMORANDUM RULING**

Pending before the Court is Defendant Talbot's Pharmaceuticals Family Products, LLC's, motion to dismiss Plaintiff's First Amended Complaint, filed on December 28, 2021. [Doc. No. 77]. Plaintiff filed a Memorandum in Opposition to the motion on January 19, 2022. [Doc. No. 80]. Defendant filed a reply on January 25, 2022. [Doc. No. 81]. For the reasons assigned below, Defendant's Motion is GRANTED IN PART and DENIED IN PART. Furthermore, the Motion to Dismiss Plaintiff's claims for post-suit direct and indirect infringement shall be converted to a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

### I. Background and Procedural History

This suit involves the alleged infringement of a design patent and related claims. Around August 2018, Plaintiff and Defendant entered discussions regarding Defendant's purchase and distribution of products made by Plaintiff. [Doc. No. 67, p. 2-3]. In particular, negotiations involved Defendant's possible purchase and distribution of a baby toilet ("Product WY208") for sale in the United States. *Id*. Due to a preexisting exclusive distributor agreement, Plaintiff could not offer Product WY208 to Defendant for distribution in the United States at that time. *Id*. at 3. Plaintiff offered instead to design a similar product for Defendant to distribute in the United

States, but Defendant declined the offer and proceeded to develop its own baby toilet. *Id.* In approximately September 2018, Product WY208 became available for distribution in the United States. *Id*. Plaintiff offered Product WY208 to Defendant to purchase and distribute, but the parties could not agree on pricing and no deal was made. *Id*. Defendant proceeded to manufacture and sell its own version of a baby toilet. *Id*.

On November 23, 2018, Plaintiff filed a U.S. Design Patent application on Product WY028. [Doc. No. 1-1, p.1]. That application issued as U.S. Design Patent No. D888,208 ("the '208 Patent") on June 23, 2020. *Id*. On December 8, 2020, Plaintiff filed a Complaint in the United States District Court for the Southern District of Florida in connection with Defendant's sale of its version of a baby toilet, alleging the following causes of action: (1) direct patent infringement, (2) inducement to infringe, (3) violations of the Lanham Act, 15 U.S.C. 1125(a), (4) violations of the Florida Deceptive and Unfair Trade Practices Act, and (5) unjust enrichment. [Doc. No. 1]. Defendant filed a motion to dismiss Causes of Action 2, 3, 4, and 5, which was granted in part and denied in part by this Court. [Doc. Nos. 25, 67]. Plaintiff's claims of inducement to infringe, violations of the Lanham Act, 15 U.S.C. 1125(a), and violations of the Florida Deceptive and Unfair Trade Practices Act were dismissed. [Doc. No. 65]. The Court denied the motion to dismiss Plaintiff's Fifth Cause of Action for unjust enrichment. [Doc. No. 65]. Plaintiff filed its First Amended Complaint on December 6, 2021. [Doc. No. 67].

**II.     Standard of Review**

In reviewing a Rule 12(b)(6) motion, the Court must accept "all well-pleaded facts as true and view [] those facts in the light most favorable to the plaintiff [ ]." *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021), *cert. denied sub nom. Butler v. Porter*, 142 S. Ct. 766 (2022) (quoting *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

### III.    Law and Analysis

#### a.    Failure to Join an Indispensable Party

Defendant argues that Plaintiff's claims for direct and indirect (induced) infringement should be dismissed for failure to join an indispensable party. [Doc. No. 77]. If a patentee transfers "all substantial rights" to the patent, this amounts to an assignment or a transfer of title, which confers constitutional standing on the assignee to sue for infringement in its own name alone. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007). The '208 patent clearly lists Xiamen Baby Pretty Products Co., Ltd., as the assignee. [Doc. No. 1-1].[1] Accordingly, it has standing to sue for infringement in its own name alone. Defendant's Motion to Dismiss for failure to join an indispensable party is therefore DENIED.

#### b.    First Cause of Action

##### i.    Pre-Suit Direct Infringement

The "Marking Statute," 35 U.S.C. 287(a) limits damages for infringement of a design patent to acts of infringement that occurred after the patentee gave the infringer actual or constructive notice of the asserted patent. *See Sentry Prot. Prod., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005) *(citing* 35 U.S.C. § 287(a); *Am. Med. Sys. v. Med. Eng'g Corp.,* 6 F.3d 1523, 1536 (Fed. Cir. 1993)). Constructive notice can be accomplished through "substantially consistent and continuous marking" of the patented products with the U.S. patent

---

[1] Plaintiff also attached assignment documents to its opposition to this motion. [Doc. No. 80]. Further, where the plaintiff has failed to join a patent owner, the Federal Circuit has held that the cure for this defect is to join the owner, not to dismiss the case. *See Lone Star Silicon Innovations LLC v. Nanya Technology Corporation*, 925 F. 3d 1225, 1238 (Fed. Cir. 2019).

- 3 -

number. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998). This statute "serves three related purposes: 1) helping to avoid innocent infringement; 2) encouraging patentees to give notice to the public that the article is patented; and 3) aiding the public to identify whether an article is patented." *Id*. (internal citations omitted); *see also Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co*., 297 U.S. 387, 395, (1936).

The Supreme Court has stated that, in reference to both actual notice and constructive notice through marking, "the duty of alleging and the burden of proving either of these facts is upon the plaintiff." *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894). Under the rule announced in *Dunlap*, the Federal Circuit has held that a plaintiff's pleading that the "infringements have been willful and with full knowledge of the '611, and '781 patents" was sufficient to plead notice as required by the marking statute to state a claim for direct infringement. *Sentry Prot. Prod., Inc. v. Eagle Mfg. Co*., 400 F.3d 910, 918 (Fed. Cir. 2005); *see also Dunlap*, 152 U.S. at 249 (requiring a pleading equivalent to "with a knowledge of the patent and of his infringement [ ]" and "holding the patentee to allege . . . notice to the public or to the defendant, from which such knowledge must necessarily be inferred" (internal quotation marks omitted)).

Here, taking the allegations in the light most favorable to Plaintiff, Plaintiff does not allege that it gave either constructive notice to Defendant through compliance with the marking statute, nor does it allege that it provided actual notice of *the asserted patent* and of Defendant's alleged infringing activity. Plaintiff does not state anywhere in the complaint that Defendant had knowledge of the U.S. Patent or patent application prior to Plaintiff filing suit. Rather, Plaintiff alleges that Defendant had knowledge of Plaintiff's "inventive design." Knowledge of an "inventive design" is not equivalent to knowledge of a U.S. Patent or patent application for purposes of stating a claim for direct infringement. Furthermore, knowledge of European and Chinese patent certificates is not knowledge of a U.S. Patent, so Plaintiff's contention that it

provided notice on March 6, 2020 by sending a cease and desist letter referring to European and Chinese patent rights would not put Defendant on notice that its activities were potentially infringing a U.S. Patent. Accordingly, Defendant's motion to dismiss Plaintiff's claims of pre-suit direct infringement is GRANTED, and Plaintiff's claims are DISMISSED.

### ii. Post-Suit Direct Infringement

Plaintiff alleges in its amended complaint that "Defendant directly. . . infringe[s] the claim of the '208 Patent by its past and present importation, sale, and offers to sell the infringing product[.]" [Doc. No. 67, para. 14]. In support of its Motion to Dismiss, Defendant attaches a declaration of Nouri E. Hakim which states that, contrary to Plaintiff's assertion that infringement continued after the lawsuit was filed, Defendant has not made, imported, or sold the accused product since November 1, 2020. [Doc. No. 77-4]. This evidence is not properly considered in a motion to dismiss, and therefore the Court will convert Defendant's motion to Dismiss on this claim into a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The parties shall have 60 days to conduct discovery as to Defendant's alleged post-suit infringing activities, at which time the parties shall submit any affidavits, arguments, and other evidence relevant to the Motion for Summary Judgment.

### c. Second Cause of Action

### i. Pre-Suit Indirect Infringement

The Supreme Court has held that "liability for inducing infringement attaches only if the defendant knew of the patent and that "the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 759 (2011)).

As stated above, nowhere in the First Amended Complaint does Plaintiff allege that Defendant had either constructive knowledge or actual knowledge through notice of Plaintiff's

U.S. Design Patent prior to this lawsuit. Plaintiff states that it "filed the instant Complaint on December 9, 2020 [sic] providing Defendant with knowledge of the '208 Patent." [Doc. No. 67 para. 44]. Accordingly, it has failed to state a claim for pre-suit inducement to infringe because without knowledge of the patent, Defendant could not have known that the induced acts constituted patent infringement. Defendant's Motion to Dismiss claims of pre-suit indirect infringement is GRANTED and Plaintiff's claim is DISMISSED.

### ii. Post-Suit Indirect Infringement

Plaintiff claims that "after having knowledge of the '208 Patent, [Defendant] continued to sell and distribute the infringing product to multiple retailers to intentionally induce those retailers to sell the infringing product." [Doc. No. 45, para. 45]. Defendant moves to dismiss this claim based on facts asserted in the declaration of Mr. Hakim showing that Defendant has not sold, made, or imported the accused product since November 1, 2020. As stated above, this evidence is not properly considered in a motion to dismiss, and therefore the Court will convert Defendant's motion to Dismiss on this claim into a motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The parties shall have 60 days to conduct discovery as to Defendant's alleged post-suit infringing activities, at which time the parties shall submit any affidavits, arguments, and other evidence relevant to the Motion for Summary Judgment.

### d. Willful Infringement

The Federal Circuit has recently held that "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1932–33 (2016). As already established, Plaintiff has not alleged that Defendant had any pre-suit knowledge of the patent, and so its claims for willful infringement pre-suit

necessarily fail. However, Plaintiff alleges that after the suit was filed, Defendant continued to willfully infringe the patent. Courts disagree whether post-suit conduct can justify an award of enhanced damages.[2] However, the Court need not decide here whether post-suit conduct alone is sufficient for enhanced damages. Plaintiff has not alleged any post suit conduct that rises to the level of culpability necessary for an award of enhanced damages. Defendant's "continued sale of the infringing product without removing its infringing capability is merely typical infringement

---

[2] The United States District Court for the Eastern District of Virginia has summarized this issue thoroughly:

> After the Supreme Court abrogated the standard for enhanced damages set forth in *In re Seagate* . . . courts have split on whether the prohibition for enhanced damages based solely on post-suit conduct remains.
>
> Many courts have held that it does. *E.g., Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *11 (D. Del. May 29, 2018); *Adidas Am., Inc. v. Skechers USA, Inc*., 2017 WL 2543811, at *4 (D. Or. June 12, 2017); *Wis. Alumni Research Found. v. Apple, Inc*., 261 F. Supp. 3d 900, 917–18 (W.D. Wis. 2017); *Dorman Prods., Inc. v. Paccar, Inc.*, 201 F. Supp. 3d 663, 681 (E.D. Pa. 2016); *Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 4427490, at *6 (N.D. Cal. Aug. 22, 2016). These courts have reasoned that *Halo* rejected only the standard for enhanced damages the Federal Circuit created in *In re Seagate*, and did not disturb the Federal Circuit's holding that the willfulness analysis should focus on pre-suit conduct. *See, e.g., Wis. Alumni Research Found.*, 261 F. Supp. at 917 n.6 (finding that *Halo* "did not upset the Federal Circuit's holding in *Seagate* that the focus of [a willful infringement] claim should be on prelitigation conduct"); *Dorman Prods*., 201 F. Supp. 3d at 681 (citing *In re Seagate* as being overruled "on other grounds" by *Halo*); *Radware*, 2016 WL 4427490, at *6 ("*Halo* did not disturb" *In re Seagate's* prohibition of enhanced damages based solely on the infringer's post-filing conduct, "as post-filing conduct was not at issue in *Halo*."). Some courts have also noted that following *Halo*, the Federal Circuit has continued to look at pre-suit conduct in evaluating willful infringement claims. *See, e.g., Välinge Innovation*, 2018 WL 2411218, at *11 (arguing the Federal Circuit's ruling in *Mentor Graphics* indicates that the patentee is still required "to allege that some form of willfully infringing conduct has occurred as of the time it files its claim"); *Adidas Am*., 2017 WL 2543811, at *4 (citing *In re Seagate* and *Mentor Graphics* for the proposition that willful infringement claims must be based on pre-suit conduct).
>
> Other courts, however, have held that *Halo* did end the prohibition on seeking enhanced damages based solely on post-suit conduct. *E.g., Finjan, Inc. v. Eset, LLC*, 2017 WL 1063475, at *4 (S.D. Cal. March 21, 2017); *Raytheon Co. v. Cray, Inc*., 2017 WL 1362700, at *5 (E.D. Tex. March 13, 2017); *Huawei Techs. Co. v. T-Mobile US, Inc*., 2017 WL 1129951, at *4 (E.D. Tex. Feb. 21, 2017); *DermaFocus LLC v. Ulthera, Inc.,* 201 F. Supp. 3d 465, 473 (D. Del. Aug. 11, 2016); *Simplivity Corp. v. Springpath, Inc.*, 2016 WL 5388951, at *18 (D. Mass. July 15, 2016). These courts have reasoned that Halo created a more flexible approach to enhanced damages that would enable district courts "to punish the full range of culpable behavior," and it would be inconsistent with the policy rationale behind Halo and its approach to determining culpability to continue blocking willfulness claims based solely on post-suit conduct.

TecSec, Inc. v. Adobe Inc., No. 1:10-CV-115, 2019 WL 1233882, at *2 (E.D. Va. Mar. 14, 2019).

behavior that is not a proper basis for enhanced damages." *TecSec, Inc.*, 2019 WL 1233882, at *2(citing *Intellectual Ventures I LLC v. Symantec Corp.*, 234 F. Supp. 3d 601, 612 (D. Del. 2017) (finding that "[n]o reasonable jury could find willful infringement based on" evidence that the defendant "has continued to update, produce, and sell" the infringing product after the suit was filed). Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for willful infringement is GRANTED and Plaintiff's claim is DISMISSED.

### e. Third Cause of Action (Unjust Enrichment)

Defendant asserts that Plaintiff has failed to plead a claim of unjust enrichment in its First Amended Complaint.[3] Under Florida law,[4] to prevail on a claim of unjust enrichment, Plaintiff must show that: "(1) plaintiff has conferred [a] benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Inspired Dev. Grp., LLC v. Inspired Prod. Grp., LLC*, 938 F.3d 1355, 1362 (Fed. Cir. 2019) (quoting P*eoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla*., 667 So. 2d 876, 879 (Fla. Dist. Ct. App. 1996)).

Here, Plaintiff alleges that it conferred a benefit on Defendant by providing samples of Product WY208 to Defendant, at Defendant's request, under the impression that Defendant wanted to purchase the product [Doc. No. 67, para. 24, 48]. Defendant accepted the samples, and then allegedly copied Product WY208. [Doc. No. 67, para 33, 48].[5] Defendant then proceeded

---

[3] The First Amended Complaint's claim for unjust enrichment incorporates by reference the amended allegations of Cause of Action 2. Accordingly, Plaintiff's allegation that the Court previously denied this claim is unpersuasive because it is not identical to the unjust enrichment claim in the Original Complaint.

[4] The parties do not dispute that Florida law applies.

[5] These allegations were not in the original complaint and were thus not in Plaintiff's original claim for unjust enrichment.

to manufacture and sell the product on its own when Plaintiff could not meet Defendant's price offer for Plaintiff to manufacture the product. [Doc. No. 67, para. 12, 48]. From the First Amended Complaint, it is clear that Plaintiff seeks unjust enrichment damages on the basis that Defendant is benefiting unjustly from Plaintiff's inventive design.

However, the Federal Circuit has held that "Federal patent law generally precludes a plaintiff from recovering a royalty-like award premised on defendant's making, using, offering to sell, or selling an unpatented discovery after plaintiff makes the discovery available to the public." *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1380 (Fed. Cir. 2005) (citing 35 U.S.C. § 271(a); *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 156–61 (1989)). "Once an inventor has decided to lift the veil of secrecy from his work, he must choose the protection of a federal patent or the dedication of his work to the public at large." *Bonito Boats, Inc.*, 489 U.S. at 156–61. As the Supreme Court has explained,

> [g]iven the inherently ephemeral nature of property in ideas, and the great power such property has to cause harm to the competitive policies which underlay the federal patent laws, the demarcation of broad zones of public and private right is "the type of regulation that demands a uniform national rule." Absent such a federal rule, each State could afford patent-like protection to particular [parties].

*Id.* at 163 (quoting *Ray v. Atl. Richfield Co.*, 435 U.S. 151, 179 (1978)).

Defendant alleges that Plaintiff publicly displayed Product WY208 at a public trade show in China in July of 2018. [Doc. No. 77-4, p. 4].[6] At that time, Plaintiff had not yet filed a patent application.[7] Plaintiff is correct that there is a one-year grace period and that any public

---

[6] Plaintiff's complaint does not state that the product was displayed publicly prior to the issue of the U.S. Design Patent, nor does Plaintiff actually admit that it displayed the product publicly.

[7] The U.S. Design Patent Application was filed on November 23, 2018.

disclosures by Plaintiff would not preclude *patentability* as long as those disclosures did not occur before November 23, 2017. However, Plaintiff's unjust enrichment claims cannot be premised on the patentability of Product WY208. If Plaintiff were permitted to assert an unjust enrichment claim for Defendant's "making, using, offering to sell, or selling an unpatented discovery after plaintiff makes the discovery available to the public," this would be an impermissible extension of Plaintiff's patent rights.[8] Accordingly, if Plaintiff publicly displayed Product WY208 prior to the issue date of the U.S. Design Patent as alleged in Mr. Hakim's declaration, then its unjust enrichment claim, as stated in the First Amended Complaint, would be preempted by federal patent law.

On the other hand, if Plaintiff did not publicly display Product WY208 prior to the issue date of the U.S. Design Patent, the unjust enrichment claim is preempted by Florida's Uniform Trade Secret Act ("FUTSA"). Fla. Stat. § 688.004. A trade secret is

> information, including a formula, pattern, compilation, program, device, method, technique, or process that:
>
> (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
>
> (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Fla. Stat. § 688.002.[9] FUTSA expressly authorizes a plaintiff to recover the "unjust enrichment

---

[8] *Ultra-Precision Mfg., Ltd*., 411 F.3d at 1380. Plaintiff's U.S. Design Patent rights commenced from the issue date; Plaintiff's U.S. Design Patent Applications did not publish, so Plaintiff was not entitled to provisional patent rights. 35 USC § 154(d); *Livjo, Inc. v. Deckers Outdoor Corp*., 2011 WL 12516430, *6 (C.D. Cal. 2011). Further, Plaintiff has pointed to no agreement that would have prevented Defendant from using its designs in the public domain. See Luv N' Care, Limited v. Groupo Rimar, 844 F.3d 442 (5th Cir. 2016).

[9] Defendant is correct that if Plaintiff's inventive design is neither a trade secret nor protected by a patent or some

caused by misappropriation," a claim for unjust enrichment is indistinguishable from the remedy under the statute and therefore is preempted. *New Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893, 910 (M.D. Fla. 2007). As a general proposition, other torts involving the same underlying factual allegations as a claim for trade secret misappropriation will be preempted by FUTSA. *New Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893, 908 (M.D. Fla. 2007). Accordingly, Plaintiff's unjust enrichment claims based on Defendant's alleged copying of their design are preempted by Florida Trade Secret law if there was no public display of Product WY208.

Thus, because under either scenario Plaintiff's claim would be preempted, Defendant's Motion to Dismiss Plaintiff's unjust enrichment claim is GRANTED, and Plaintiff's claim is DISMISSED.

### IV. Conclusion

Defendant's Motion is GRANTED IN PART and DENIED IN PART. Defendant's Motion to Dismiss for Failure to Join an Indispensable Party is DENIED. Defendant's Motion to Dismiss Plaintiff's claims for pre-suit direct infringement, pre-suit induced (indirect) infringement, and unjust enrichment is GRANTED and Plaintiff's claims for pre-suit direct infringement, pre-suit induced (indirect) infringement, and unjust enrichment are DISMISSED. Defendant's Motion to Dismiss Plaintiff's claims for post-suit direct and post-suit indirect infringement shall be converted to a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. The parties shall have 60 days to conduct discovery as to Defendant's alleged post-suit infringing activities, at which time the parties shall submit any affidavits, arguments, and other evidence relevant to the Motion for Summary Judgment.

---

other intellectual property right, "it will be subject to copying." *Traffix Devices, Inc. v. Marketing Displays, Inc*., 523 U.S. 23, 29 (2001).

- 11 -

Monroe, Louisiana, this 18th day of February 2022.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE