# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **Xiamen Baby Pretty Products Co.,** | : |
| **Plaintiff,** | : NO. 3:21-CV-00409 |
| **VERSUS** | : |
| **Talbot's Pharmaceuticals Family Products, LLC,** | : |
| **Defendant.** | : |

## **MEMORANDUM RULING**

This case arises out of the alleged infringement by the defendant, Talbot's Pharmaceuticals Family Products, LLC ("Talbot's" or "Defendant") of a design patent held by the Plaintiff, Xiamen Baby Pretty Products Co., ("Xiamen" or "Plaintiff") A claims construction hearing was held in this matter on February 20, 2024. [Doc. No. 193].

### I. Background and Procedural History

On November 23, 2018, Plaintiff filed a U.S. Design Patent application on Product WY028. [Doc. No. 1-1, p.1]. That application issued as U.S. Design Patent No. D888,208 ("the '208 Patent" or "D'208") on June 23, 2020. *Id*. On December 8, 2020, Plaintiff filed a Complaint in the United States District Court for the Southern District of Florida in connection with Defendant's sale of its version of a baby toilet, alleging the following causes of action: (1) direct patent infringement, (2) inducement to infringe, (3) violations of the Lanham Act, 15 U.S.C. 1125(a), (4) violations of the Florida Deceptive and Unfair Trade Practices Act, and (5) unjust enrichment. [Doc. No. 1]. Defendant filed a motion to dismiss Causes of Action 2, 3, 4, and 5, which was granted in part and denied in part by this Court. [Doc. Nos. 25, 67]. Plaintiff's claims of inducement to infringe, violations of the Lanham Act, 15 U.S.C. 1125(a), and violations of the

1

Florida Deceptive and Unfair Trade Practices Act were dismissed. [Doc. No. 65]. The Court denied the motion to dismiss Plaintiff's Fifth Cause of Action for unjust enrichment. [Doc. No. 65]. Plaintiff filed its First Amended Complaint on December 6, 2021. [Doc. No. 67]. Defendant filed a motion to dismiss Plaintiff's First Amended Complaint on December 28, 2021. [Doc. No. 77]. This Court granted the motion to dismiss in part and converted the remaining claims of post-suit direct and post-suit indirect infringement to a motion for summary judgment under Rule 56. [Doc. No. 89]. After a period of discovery and briefing by the parties, Defendant's Motion was denied and Plaintiff's request for leave to amend its complaint was granted. [Doc. No. 150].

Plaintiff filed an amended complaint on December 7, 2022. [Doc. No. 151]. Plaintiff claims that Defendant has infringed D'208 through its manufacture and sale of three versions of a baby potty: Versions 1, 2, and 3. Plaintiff claims that these versions are indistinct, and further that each of Defendant's three versions apply the design claimed in Design Patent '208. Defendant filed an amended answer and counterclaim on December 21, 2022. [Doc. No. 155]. Defendants claim that none of the three versions infringe Plaintiff's Design Patent '208 because they are dissimilar from the claimed design. Further, Defendants have asserted an affirmative defense and a counterclaim for declaratory judgment on invalidity of the patent. Plaintiff filed an answer to Defendant's amended counterclaim on January 11, 2023. [Doc. No. 157].

## II. Law and Analysis

### A. Claim Construction of a Design Patent

To be eligible for design patent protection, a design must be for an article of manufacture, original, and ornamental. 35 U.S.C. §171. The design must also be novel, nonobvious, definite, and enabled. 35 U.S.C. §171. Generally, in analyzing a patent infringement action, the Court must 1) determine the meaning and scope of the patent claims asserted to be infringed and 2) compare

the properly construed claims to the infringing device. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). The first step, known as claim construction, is an issue of law for the court to decide. *Id*. at 979. The second step is determined by the finder of fact. *Id*.

Claim construction proceeds differently with respect to design patents than for utility patents. Design patents are typically claimed as shown in drawings, and claim construction is adapted accordingly. *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1342 (Fed. Cir. 2020) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679-80 (Fed. Cir. 2008)). The Federal Circuit has instructed that a design patent's claim is often better represented by illustrations than a written claim construction. *Sport Dimension, Inc. v. Coleman Co*., 820 F.3d 1316, 1320 (Fed. Cir. 2016) (citing *Egyptian Goddess,* 543 F.3d at 679). Consequently, the preferable course for a district court ordinarily will be not to attempt to "construe" a design patent by providing a detailed verbal description of the claimed design. *Egyptian Goddess*, 543 F.3d at 679.

The Federal Circuit has nevertheless endorsed district courts' verbal claim construction of design patents where the district court believes such construction will be helpful in guiding the fact finder through issues that bear on the scope of the claim. *Id*. Specifically, for some articles of manufacture, it can be helpful to "distinguish[ ] between those features of the claimed design that are ornamental and those that are purely functional." *Lanard Toys*, 958 F.3d at 1342 (citing *Egyptian Goddess,* 543 F.3d at 679-80). The United States Court of Appeals for the Federal Circuit has held that "[w]here a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Id*. (citing *Sport Dimension,* 820 F.3d at 1320 (Fed. Cir. 2016) (quoting *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997)). Only novel, ornamental

features of the patented design are protected by a design patent, such that the scope of a design patent does not extend to any functional elements. *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997); *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016); *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-94 (Fed. Cir. 2010).

The district court may issue a verbal description of the design or point out various features of the claimed design as they relate to the accused design and the prior art. *Egyptian Goddess*, 543 F.3d at 680-81. The decision of how to construe the claims of the patent generally rests within the district court's discretion. *Id.* at 679 (explaining that "a district court's decision regarding the level of detail to be used in describing the claimed design is a matter within the court's discretion"); *see also Lu v. Hyper Bicycles, Inc.*, 568 F. Supp. 3d 68, 70 (D. Mass. 2021).

    **B.**    **The '208 Patent**

        **1.**    **Proposed Constructions**

The '208 patent is a design patent pertaining to baby toilets, and specifically to the ornamental design of a baby toilet. The '208 patent claims the design shown in figures one through six of the patent. The parties disagree as to whether the Court should provide a verbal construction of the claimed design at all, or whether the Court should instead advert to the pictorial representation thereof as shown in figures one through six of the '208 patent. Defendant argues for a verbal construction but Plaintiff contends that illustrations will suffice. As explained below, the Court finds that a limited verbal construction would be helpful.

Defendant proposes six "terms" for the '208 patent. Those terms would define: 1) the base, 2) the pedestal, 3) the bowl, 4) the deflector cover, 5) the seat cover, and 6) the back support. The defendant proposes the following construction for the foregoing terms:

1. <u>Base</u>: An oval shape with a lip that surrounds the entirety of the base and that is upwardly and inwardly tapered and has a substantially planar portion at the rear end region of the

     base.

2. <u>Pedestal</u>: A first pedestal having a first portion that is directly connected to the base and having a first circumference, a second portion of the pedestal having a concave shape, and the third portion of the pedestal being directly connected to the bottom of the bowl and having a second circumference, the first circumference being larger than the second circumference. A second pedestal which is secured to the rear of the base and the back support of the toilet, the second pedestal being completely separate from the first pedestal, the second pedestal having a flared shape so that the transverse area of the second pedestal that is secured to the rear portion of the base is smaller than the transverse area of the second pedestal that is secured to the back portion. The rear of the second pedestal being upwardly and outwardly tapered.

3. <u>Bowl</u>: An oval shape.

4. <u>Deflector Cover</u>: Integrated as part of the seat cover and located at the front of the seat cover. The deflector cover has a smooth and rounded upwardly facing projection having a circular conical shape.

5. <u>Seat Cover</u>: An oval-like shape having a straight portion at the rear end of the cover adjacent the back support without any ornamentation with a pronounced indentation at one end where the pronounced indentation has a rectangular shape, the oval-like shape having a long sweeping convex curve.

6. <u>Back Support</u>: Having a rectangular front shape with a cambered top portion and a bottom portion, the cambered top portion having rounded edges at the front and rear and the bottom portion of the base being wider than the top portion. The back support having an opening that is near the top of the

Defendant alleges that the '208 design patent "cannot protect the general design of the base, pedestal, bowl, seat, deflector, seat cover, and the back support." And that "the scope of the patent can only cover the ornamental aspects of these various components." [Doc. No. 175 at 10-11].

     Plaintiff responds that term-by-term construction is not necessary for either patent and would describe the patent as follows:

> The ornamental design for a baby toilet, shown in the solid lines in Figures 1-6, excluding the elements shown in broken lines. [Plaintiff's Claim Construction Hearing Demonstrative Exhibit, p.12].

The question in this case, therefore, is primarily the "level of detail" to be used in describing the claimed design, i.e. whether the Court should advert to the illustrations in the design patent or undertake an element-by-element description thereof. *Egyptian Goddess,* 543 F.3d at 679.

## 2. Analysis and the Court's Construction

The element-by-element approach to claim construction proposed by defendant is the sort of restrictive approach to the infringement analysis which the Federal Circuit has found to be "untethered from the ordinary observer inquiry" and therefore error. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) (citing *Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365 (Fed Cir. 2006)); *see also Egyptian Goddess*, 543 F.3d at 680 (admonishing district courts to "recognize the risk" of a verbal description that may place undue emphasis on certain features in lieu of the design as a whole"). However, the Court believes that distinguishing ornamental from functional design would be helpful in this instance, as noted by the Federal Circuit in *Egyptian Goddess*. *Egyptian Goddess,* 543 F.3d at 680 (noting that it may be helpful to address issues that bear on the scope of the claim, such as "distinguishing between those features of the claimed design that are ornamental and those that are purely functional.")

Both Plaintiff and Defendant cite *Lanard Toys, Ltd. v. Dolgencorp, LLC*, a case in which the Federal Circuit, reviewing the verbal construction of a design patent, approvingly concluded that the lower court had followed the *Egyptian Goddess* standard "to a tee" where it (1) reproduced the drawings from the patents and noted its reliance on same, (2) considered the functional features of the design and acknowledged the ornamental aspects of each functional element, and (3) considered the functional purpose of the design as a whole, including its proportions. 958 F.3d 1337, 1342 (Fed. Cir. 2020). *Lanard* is instructive in this case. To clarify, the district court in *Lanard* did not approach the claim construction of the design patent at issue there in a manner similar to that which Talbot's proposes. *See Lanard Toys Ltd. v. Toys "R" Us-Delaware, Inc.*, 2019 WL 1304290 at *11 (M.D. Fla. Mar. 21, 2019) (stating that "the Court will not undertake a detailed written description" of the patent and "relies instead on these exemplary drawings").

Rather, the district court referred to the drawings in the design patent and only then identified four functional characteristics which limited the scope of the protected subject matter. *Id*. at *11.

The '208 patent recites one claim for "[t]he ornamental design for a baby toilet, as shown and described" in six figures. The six exemplary figures are reproduced below:



The Court will not undertake a detailed written description of D'208 and relies instead on the above exemplary drawings and the limited verbal construction as provided below.

The Court next considers the functional features of the design. *See OddzOn Prods., Inc. v. Just Toys, Inc*., 122 F.3d 1396, 1404-05 (Fed. Cir. 1997) ("Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-

functional aspects of the design as shown in the patent."); *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1294. The patented design is for a toilet for babies and young children, and thus, has functional components that serve this purpose. The functional characteristics of Xiamen's design, while not invalidating the design, do "limit the scope of the protected subject matter." *See OddzOn Prods., Inc.*, 122 F.3d at 1406; *Ethicon Endo-Surgery, Inc.*, 796 F.3d at 1333-34; *Richardson*, 597 F.3d at 1293 ("By definition, the patented design is for a multi-function tool that has several functional components, and we have made clear that a design patent, unlike a utility patent, limits protection to the ornamental design of the article."). For purposes of claim construction, the Court must distinguish the underlying functional elements of the design which are not protected, from the particular ornamental features of those elements that are protected. *See Ethicon Endo-Surgery*, 796 F.3d at 1333-34, 1336.

The design consists of seven elements: the base, the pedestal, the bowl, the deflector cover, the seat, the seat cover, and the back support/tank. *See* [Doc. No. 175 at 13-14]. Defendants contend that each element of the D'208 design serves a functional purpose. [Doc. No. 175 at 10-11]. As explained below, Xiamen presents some evidence which rebuts the functional aspects of some of these elements. Defendant further claims that the configuration of these elements is also dictated by the design's functional purpose as a baby toilet, however the prior art demonstrates that not all features claimed by Talbot's are incorporated in the same way. *Cf. Richardson v. Stanley Works, Inc.*, 610 F. Supp. 2d 1046, 1049 (D. Ariz. 2009) *aff'd* 597 F.3d 1288 (Fed. Cir. 2010) (finding functional necessity of configuration illustrated by the prior art where "[e]very piece of prior art identified by the parties that incorporates similar elements configures them in the exact same way"); *Ethicon Endo-Surgery, Inc.*, 796 F.3d at 1334 (finding the design patent did not protect the particular functional configuration of the design elements). For example, Xiamen

references several pieces of prior art that do not include a pedestal, a seat cover, a deflector, and/or a tank/back rest. [Plaintiff's Claim Construction Hearing Demonstrative Exhibit, p.19]. To be sure, a bowl/receptacle to catch waste, a base for stability, and a seat on which a child can perch are the only essential design elements that are configured in the exact same way among the prior art.

The bowl, base, and seat are necessary to the device's function as a baby toilet, as the baby toilet is not plumbed and serves as a mere receptacle for waste. Thus, these broad design concepts are not protected by the D'208 Patent. *See Ethicon Endo-Surgery, Inc.*, 796 F.3d at 1333 ("The scope of that claim, however, must be limited to the ornamental aspects of the design, and does not extend to 'the broader general design concept.'" (quoting *OddzOn Prods., Inc.*, 122 F.3d at 1405). Further, though not strictly necessary to the device's function as a baby toilet, the deflector and seat cover do have functional qualities in that they assist in containing the waste in the bowl. The "back rest," or tank, is not functional as a tank on a plumbed toilet as the baby toilet is not plumbed. However, to the extent that this feature in fact serves as a back rest, that quality is functional.

Nonetheless, while the functional elements of the patented design are not protected on a conceptual level, there is no evidence that the particular ornamental designs adorning these elements are essential to the use of the article. *See Ethicon Endo-Surgery, Inc.*, 796 F.3d at 1334. For example, the Court can discern no functional reason dictating the oval shape of the pedestal or the base, the specific conical appearance of the deflector and seat cover, the oblong curved shape of the bowl, the rectangular shape of the back rest and the specific proportional size of these elements in relation to each other as shown in the D'208 Patent.

In keeping with *Egyptian Goddess* and *Lanard*, the Court will not attempt any further description of every ornamental feature and relies instead on the drawings above and the limited

verbal construction below, with the understanding that the scope of the D'208 Patent is limited to the ornamental aspects of the design, and not the underlying functional design elements. *See Ethicon Endo-Surgery, Inc.*, 796 F.3d at 1334 ("Thus, although the Design Patents do not protect the general design concept of an open trigger, torque knob, and activation button in a particular configuration, they nevertheless have some scope—the particular ornamentation designs of those underlying elements.").

### III. Conclusion

In light of the foregoing, the Court believes a limited verbal construction would be helpful here. Thus, the Court adopts the following construction for the D'208 patent:

> The ornamental design for a baby toilet, as shown and described in Figures 1-6 and excluding the base, the pedestal, the bowl, the deflector cover, the seat, the seat cover, and the back support/tank only to the extent those elements serve functional, not ornamental, purposes.

The Court adopts this construction without prejudice to its ultimate jury instruction on functional versus ornamental elements or any other related factors.

MONROE, LOUISIANA, this 30th day of January 2025.

_____
Terry A. Doughty
United States District Judge